IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA JUNEAU,

Plaintiff,

-vs-

CASE NO.: 8:14 cv1907 T35TGW

GENESIS BANKCARD
SERVICES, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiff, VIRGINIA JUNEAU, by and through her undersigned counsel, sues the Defendant, GENESIS BANKCARD SERVICES, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C.§1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. §47.011 and/or by 15 U.S.C. §1332.

4. Venue is proper in this District because the Plaintiff resides in this District (Polk County) and the Defendant transacts business in Polk County, Florida.



## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Polk County, Florida, and resides in this District. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Defendant, GENESIS BANKCARD SERVICES, INC. is a corporation and a citizen of the State of Oregon with its principal place of business at 8405 SW Nimbus Avenue, Suite A, Beaverton, Oregon.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Polk County, Florida.

8. Defendant, at all times material, was attempting to collect on a Genesis Credit Account with the Account number ending in 8668 in the approximate amount of $800.00 (hereinafter the "subject account").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number at between three (3) and four (4) times a day from January, 2014 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, some or all of the calls the Defendant made to the Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or

prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number after January 23, 2014 was done so without the "prior expressed consent" of the Plaintiff.

12. In approximately January, 2014, Plaintiff began receiving these autodialer calls from Defendant on her cellular telephone number, (863) 734-9147, concerning the subject account.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (863) 734-9147, and was the called party and recipient of Defendant's autodialer calls.

14. The autodialer calls from Defendant came from the telephone number (866) 459-7841.

15. After receiving numerous autodialer calls to her cellular telephone number from Defendant in the beginning of January, 2014, Plaintiff spoke a representative of Defendant on approximately January 23, 2014, and requested the calls from Defendant stop and to be taken off the Defendant's call list.

16. Despite informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

17. The autodialer calls from Defendant continued approximately, on average, three (3) to four (4) times a day from January, 2014, through to the date of filing this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

18. While Plaintiff did not keep detailed records of all the autodialer calls made by the Defendant to Plaintiff's cellular telephone number, Plaintiff estimates approximately 181 calls

for the period of January 23, 2014 through July 18, 2014. Attached hereto as **Exhibit "A"** is a list of the dates and times of calls to Plaintiff's cellular telephone from Defendant.

19. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

20. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond January 23, 2014, when Plaintiff first advised Defendant to stop calling Plaintiff.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

22. Defendant's, corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

23. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

24. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

25. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

26. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-five (25) above as if fully stated herein.

27. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. Defendant violated the TCPA and/or willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on January 23, 2014, when Plaintiff verbally withdrew her consent to for Defendant to contact her and told Defendant's representatives to stop calling her.

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against the Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the "FCCPA")

30. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above as if fully stated herein:

31. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

32. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2).

33. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, a debtor, with such frequency as can be reasonably be expected to harass the Plaintiff.

34. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

35. Defendant's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against the Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff